UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ERNESTO BUSTILLOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-1254 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to Supplemental Security Income (SSI) benefits. On June 24, 2014, plaintiff filed his application for SSI benefits. Plaintiff alleged a February 17, 2012, onset of disability. (ECF No. 9-5, PageID.133-37). Plaintiff's claim was denied on initial review on October 24, 2014. (ECF No. 9-4, PageID.90-93). On January 27, 2016, he received a hearing before an ALJ. (ECF No. 9-2, PageID.48-72). On February 22, 2016, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 9-2, Page ID.35-44). On September 24, 2016, the Appeals Council denied review (ECF No. 9-2, PageID.26-28), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed his complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should

be overturned on the following ground:

> THE COMMISSIONER HAS COMMITTED LEGAL ERROR IN GIVING CONTROLLING WEIGHT TO THE OPINION OF A NON-EXAMINING PSYCHOLOGIST WHO HAD LIMITED ACCESS TO THE COMPLETE MEDICAL FILE, AND NO ACCESS TO TREATING SPECIALIST OPINIONS.

(Plf. Brief at 4, ECF No. 18, PageID.443). I recommend that the Commissioner's decision be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to

reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity from June 24, 2014, the application date, through the date of the ALJ's decision. (Op. at 3, ECF No. 9-2, PageID.37). Plaintiff had the following severe impairments: "degenerative disc disease; degenerative changes, left knee; history of left wrist fracture; history of left ankle fracture and surgical repair; [and] depressive disorder." (*Id*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 5, PageID.39). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited

range of light work with the following exceptions:

> he can perform simple, routine, and repetitive work tasks that do not have fast paced production requirements, that involve only simple work related decisionmaking and routine workplace changes; he can have occasional contact with the public, supervisors and coworkers; he can occasionally bend, turn, crawl, kneel, crouch, stoop and climb; he cannot walk more than two city blocks at one time.

(Op. at 6, ECF No. 9-2, PageID.40). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (*Id.* at 6-8, PageID.40-42). Plaintiff has no past relevant work. (*Id.* at 8, PageID.42).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 150,000 jobs that exist in the national economy that hypothetical person would be capable of performing. (ECF No., 9-2, PageID.68-69). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 9-10, PageID.43-44).

1.

Plaintiff argues that the ALJ committed legal error in giving controlling weight to the opinion of a non-examining psychologist who had limited access to the complete medical file and no access to treating specialist opinions. (Plaintiff's Brief at 4-6, ECF No. 18, PageID.443-45). Plaintiff's brief is not a model of clarity, but his statement of facts does refer to "Dr. Barberio" as a treating physician. (*Id.* at 3, PageID.442).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir.

-4-

2011).  "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician.  Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.' " *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).  A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 416.927(c)(2); *see Gayheart v. Commissioner*, 710 F.3d at 376.

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors.  *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits."  *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart v. Commissioner*, 710 F.3d at 376; *Cole v. Astrue*, 661 F.3d at 937-38; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; see *Gayheart v. Commissioner*, 710 F.3d at 376.  This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.' " (quoting *Wilson v. Commissioner*, 378 F.3d at 544)).

    A.    <u>Dominic Barberio, D.O.</u>

Plaintiff has no history of psychiatric hospitalization.  (Op. at 7, ECF No. 9-2, PageID.41).  On January 25, 2016, Dr. Barberio completed a check-the-box mental RFC form,[1] providing no explanation for any of the opinions that he offered.  (ECF No. 9-9, PageID.395-96).  He stated that plaintiff was markedly limited in maintaining attention and concentration; accepting instructions and responding appropriately to supervisors; responding to work setting changes; completing a normal work schedule without interruptions from psychologically based symptoms;

---

[1] RFC is an issue reserved to the Commissioner.  20 C.F.R. § 416.927(d).  A treating physician's opinion is only entitled to deference when it is a medical opinion.  *See Curler v. Commissioner*, 561 F. App'x. 464, 471 (6th Cir. 2014).  A treating physician's opinion on an issue reserved to the Commissioner is "given no special significance."  *Id.*

and performing duties at a consistent pace without unreasonable rest periods.  (*Id.*).

"ALJs are not bound by conclusory statements of doctors, particularly where they appear on 'check-box forms' and are unsupported by explanations citing detailed objective criteria and documentation."  *Birgy v. Commissioner*, No. 1:16-cv-1111, 2017 WL 4081528 at *5 (W.D. Mich. Sept. 15, 2017).  Here, the ALJ found that the opinions Dr. Barberio expressed in his questionnaire responses were entitled to little weight because they overstated the degree of plaintiff's dysfunction and were not supported by Dr. Barberio's own treatment records.  Dr. Barberio "typically found the [plaintiff] to be pleasant, cooperative, coherent, organized, goal directed, alert and oriented, and to have preserved memories, attentiveness and concentration."[2]  (Op. at 8, ECF No. 9-2, PageID.42).  I find no violation of the treating physician rule.

B.     Lynn Nevin, M.D.

Plaintiff's brief is devoid of any reference to Dr. Nevin, much less does it contain any developed argument regarding her opinions.[3]  (ECF No. 18).  I find that plaintiff has waived any argument related to opinions expressed by Dr. Nevin.  *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelley*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort

---

[2] The ALJ's findings are well supported.  (ECF No. 9-7, PageID.195, 199, 205, 210, 216, 221, 226, 230; ECF No. 9-8, PageID.250, 256, 262, 268-69, 275-76, 283, 290-91, 296, 302-03, 309, 316).

[3] Dr. Nevin is only mentioned in this report and recommendation because her opinions are discussed in defendant's brief.  (Defendant's Brief at 6, ECF No. 19, PageID.451-52).

at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

Even assuming that the argument had not been waived, it is meritless. The ALJ carefully considered the opinions that Dr. Nevin expressed in her physical RFC questionnaire responses (ECF No. 9-9, PageID.397-98) and he provided good reasons why they were given little weight. (Op. at 8, ECF No. 9-2, PageID.42).

C. Leonard Balunas, Ph.D.

On October 3, 2014, Dr. Balunas, a state agency psychological consultant, reviewed the evidence then available, and offered his opinion that plaintiff could understand, carry out, and remember simple instructions, perform tasks involving occasional contact with supervisors and the public, and deal with most changes in routine work settings. (ECF No. 9-3, PageID.82-84). The ALJ was required to consider the opinion provided by the state agency consultant. 20 C.F.R. § 416.927(e).

"State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Downs v. Commissioner*, 634 F. App'x. 551, 554 (6th Cir. 2016) (citation and quotation omitted); *see Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources."). Here, the opinions offered by Dr. Balunas were consistent with the record as a whole. (Op. at 7-8, ECF No. 9-2, PageID.41-42). The ALJ considered

the entire record. (Op. at 4-8, PageID.38-42). The ALJ's opinion easily satisfies the requirement of making clear that he considered the records generated after Dr. Balunas offered his opinions. *See Blakley v. Commissioner*, 581 F.3d 399, 409 (6th Cir. 2009). The ALJ did not commit error in the weight he gave to Dr. Balunas's opinions.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 21, 2018          /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).