UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNESTO BUSTILLOS,                )
    Plaintiff,                        )
                                  )  No. 1:16-CV-1254
v.                                )
                                  )  HONORABLE PAUL L. MALONEY
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
    Defendant.                        )
_____)

## ORDER ADOPTING R & R

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report and Recommendation ("R & R") on February 21, 2018. (ECF No. 20.) Plaintiff Ernesto Bustillos timely filed objections (ECF No. 21), and the Commissioner responded. (ECF No. 22.)

The R & R recommends affirming the Commissioner's decision denying benefits because substantial evidence supported his conclusion that Plaintiff was not disabled and that the Commissioner correctly applied the law in reaching his decision.

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). The Court is not obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Here, the Court has had difficulty discerning the Plaintiff's specific objections.

First, the Court is unable to tell whether Plaintiff objects to the magistrate judge's conclusion that he waived an argument relating to Dr. Nevin.

Counsel for Plaintiff seems to suggest that he purposefully did not address Dr. Nevin because he did not feel it "to be worth the Court's time[,]" but that he will raise similar issues in the future. (ECF No. 21 at PageID.468 n.1.) In that case, and given Plaintiff's admission that he "relied little, if at all, upon the opinion of Dr. Nevin[,] the Court concludes that the magistrate judge did not err by concluding that the argument was waived. (ECF No. 21 at PageID.468.)

Second, Plaintiff does make a relatively clear objection that the magistrate judge should have concluded that the ALJ could not rely on the opinion evidence of State Agency psychological consultant, Dr. Leonard C. Balunas because his opinion was rendered more than one year prior to the ALJ's decision. However, as the magistrate judge noted, the opinion of a non-examining source can support the conclusion of the ALJ so long as the ALJ considers the subsequent record after the opinion is rendered, and if the opinion remains consistent with the record as a whole. *See Brooks v. Soc. Sec. Admin.*, 430 F. App'x 468, 482 (6th Cir. 2011); *Blakely v. Comm'r Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

Here, the ALJ clearly considered the entirety of the record, including medical records generated after Dr. Balunas rendered his opinion. (*See* ECF No. 9-2 at PageID. 38–42.) Accordingly, the magistrate judge did not err by concluding that the ALJ properly considered Dr. Balunas' opinion when concluding that Plaintiff was not disabled, so this objection will be overruled.

Finally, Plaintiff takes a passing swipe at the magistrate judge's conclusion relating to the weight given to the opinion of Plaintiff's treating physician, Dr. Dominic Barberio.

The magistrate judge reasoned that the ALJ acted appropriately by giving the opinion of Barberio little weight for several reasons.

First, ALJs are not bound by conclusory statements where they appear on "check-box forms" and are "unsupported by explanations citing detailed objective criteria and documentation." Second, the magistrate judge found that the ALJ did not violate the "treating physician rule" because Dr. Barberio's own treatment records did not support his opinions. Dr. Barberio found Plaintiff "to be pleasant cooperative, coherent, organized, goal directed, alert and oriented, and to have preserved memories, attentiveness, and concentration." Thus, the ALJ concluded that Dr. Barberio's opinions were not entitled to controlling deference.

Plaintiff argues that "momentary improvement does not suggest that benefits cannot be awarded if the evidence shows a longitudinal inability to sustain work activity." (ECF No. 21 at PageID.471.) He asserts that "Duration and consistency over time are a key distinction[,]" so the fact that Dr. Barberio observed him to be attentive during a visit would not contradict a finding that he was "unable to complete a full week without interference from psychological symptoms." (*Id.* at PageID.473.)

However, Plaintiff has not refuted that "ALJs are not bound by conclusory statement of doctors, particularly where they appear on 'check-box forms and are unsupported by explanations citing detailed objective criteria and documentation." *Birgy v. Commissioner*,

No. 1-16-cv-1111, 2017 WL 4081528, at *5 (W.D. Mich. Sept. 15, 2017). This is fatal to Plaintiff's argument.

And even if that was not the case, the ALJ's conclusion that Dr. Barberio overstated the degree of Plaintiff's mental dysfunction was supported by substantial evidence. (PageID.42.) The overarching conclusion that Plaintiff's mental dysfunctions were not severe enough to rule out work under the RFC was supported by substantial evidence as well. Thus, this objection will be overruled.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation as the Opinion of the Court, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

This case is **CONCLUDED**, and a separate judgment will issue.

**IT IS SO ORDERED.**

**Date:** May 21, 2018 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge